UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. STEPHENS,<br><br>              Petitioner,<br><br>     v.<br><br>UNKNOWN,<br><br>              Respondent. | No. CV 13-1515-GAF (PLA)<br><br>**ORDER DENYING PETITION FOR TIME EXTENSION FOR FILING OF FEDERAL WRIT OF HABEAS CORPUS AND DISMISSING ACTION** |

      Michael D. Stephens, a California state prisoner proceeding pro se, apparently wishes to challenge his state court conviction by seeking federal habeas relief.  Rather than filing a petition for writ of habeas corpus, however, Stephens filed a "Petition for Time Extension for Filing of Federal Writ of Habeas Corpus" ("Motion").  Stephens attached to the Motion a habeas petition intended for the Los Angeles County Superior Court, which contains only an ineffective assistance of counsel claim.  Stephens has not filed a federal petition for writ of habeas corpus with this Court, however.  As set forth below, the Court has determined that the relief requested cannot be granted.

      Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. See Princeton University v. Schmid, 455 U.S. 100, 102, 102 S. Ct. 867, 869, 70 L. Ed. 2d 855 (1982).  As Stephens has not actually

filed a federal habeas petition challenging his conviction and/or sentence, there is no case or controversy before the Court, and he essentially seeks an advisory opinion. See Calderon v. Ashmus, 523 U.S. 740, 746, 118 S. Ct. 1694, 1698, 140 L. Ed. 2d 970 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have the conviction or sentence imposed by the state court set aside).

By the Motion, Stephens asks the Court to decide prospectively whether it would be appropriate to stay a yet-to-be-filed habeas petition while he pursues state remedies as to an ineffective assistance of counsel claim. Such a determination cannot be made in the absence of a petition. Indeed, under Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535-36, 161 L. Ed. 2d 440 (2005), the stay-and-abeyance procedure is appropriate only in "limited circumstances" where the petitioner shows good cause for failing to exhaust, the unexhausted claims are potentially meritorious, and the petitioner has not engaged in abusive litigation tactics or intentional delay. Stephens has not at this point made a sufficient showing, and cannot make such a showing without a petition for the Court to examine. Further, Rhines involved a "mixed" petition, meaning that it included both exhausted and unexhausted claims. See Pliler v. Ford, 542 U.S. 225, 230, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) (citing Rose v. Lundy, 455 U.S. 509, 510, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)). Here, without a petition, the Court cannot determine if any claim has been exhausted, and thus is unable to determine if a mixed petition is at issue.

Finally, under Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006), "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." Accordingly, if no claim has been exhausted, dismissal would be warranted. Thus, the Court cannot grant Stephens the prospective relief he seeks without offending the case or controversy requirement of the Constitution.

/
/
/

Based upon the foregoing, **IT IS ORDERED** that the Motion is **DENIED** and that this action is dismissed without prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order on Michael D. Stephens.

DATED: March 11, 2013

*/s/ Gary Feess*

HONORABLE GARY A. FEESS
UNITED STATES DISTRICT JUDGE